IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00150-RLV
5:99-CR-00070-RLV-3

| | |
|---|---|
| ALPHONSO RAVON MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on consideration of Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, and for consideration of his alternative claims for relief. For the reasons that follow, Petitioner's Section 2241 petition will be denied along with his alternative claims for relief.

## I. BACKGROUND

On January 18, 2001, Petitioner was found guilty following a trial by jury of conspiracy to possess with intent to distribute and distribution of cocaine, and cocaine base, in violation of 21 U.S.C. §§ 846 & 841. Petitioner was sentenced to life imprisonment. (5:99-CR-00070, Doc. No. 91: Jury Verdict; Doc. No. 105: Judgment in a Criminal Case). Petitioner filed an appeal from this judgment to the United States Court of Appeals for the Fourth Circuit; Petitioner's conviction and sentence were upheld by the Court. United States v. Morrison, 39 F. App'x 927 (4th Cir. filed July 16, 2002) (unpublished).

On December 16, 2005, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under the provisions of 28 U.S.C. § 2255. The Court noted that his criminal judgment had become final in 2002 following the Fourth Circuit's disposition of his direct appeal and

Petitioner's failure to pursue further review with the Supreme Court of the United States. Petitioner's Section 2255 was found to be untimely under Section 2255(f) and it was dismissed by Order entered on February 10, 2006. (5:05-CV-285, Doc. No. 2).

On October 1, 2012, Petitioner, by and through counsel, filed the present challenge to his criminal judgment contending that his mandatory minimum sentence of life imprisonment should be vacated and he should be resentenced without consideration of prior state drug convictions. Petitioner cites a recent Fourth Circuit case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and argues that Petitioner's prior state drug convictions were improperly relied upon in determining his sentence. (5:12-CV-00150, Doc. No. 1 at 1). Petitioner also asserts alternative claims for relief in an effort to secure post-conviction, collateral relief from his sentence.

The Government filed a response to Petitioner's attack on his sentence. First, the Government noted that Petitioner received a sentence within the statutory maximum and relief under Section 2241 was therefore improper. Next, the Government argued that relief through a writ or *coram nobis* or writ of *audita querela* was unavailable because there were other avenues Petitioner could pursue in challenging his sentence. (Doc. No. 4).

## II. DISCUSSION

A.  Section 2241

The Court finds that relief under Section 2241 is unavailable to Petitioner as his effort is solely focused on challenging the legality of his sentence. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief

under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34.

In the present case, Petitioner does not fairly challenge the legality of his conviction, rather he challenges his sentence which he contends was based on prior drug convictions that he asserts are no longer properly considered in determining a sentencing enhancement. As Petitioner is only challenging his sentence he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate. Moreover, even without consideration of the prior drug convictions, Petitioner was still sentenced to a term of imprisonment within the maximum. See 21 U.S.C. § 841(b) (an unenhanced sentence carries a sentence of not more than 10 years nor more than life); see also United States v. Powell, 691 F.3d 554 (4th Cir. 2012) (Judge King concurring in the judgment and dissenting in part),

> As a case in point, Powell received § 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum—as any enhanced subsection (b)(1)(A) sentence would necessarily be.

Id. at 562 n.1.

For the foregoing reasons, Petitioner's Section 2241 petition will be denied.

B. Coram Nobis Relief

Petitioner has pled an alternative claim for relief asking this Court to grant him a petition for a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to

3

petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). First, Petitioner is still in custody, and second, Petitioner does not contest his conviction. Rather, he only contests his sentence. The petition will be denied.

C. Writ of Audita Querela

Finally, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). Petitioner was able to challenge his sentence through a motion under Section 2255. Petitioner's lack of success before this Court does not, however, render the Section 2255 motion unavailable. This petition will be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2241 petition is **DENIED**.

2. Petitioner's petition for a writ of *coram nobis* is **DENIED**.

3. Petitioner's petition for a writ of *audita querela* is **DENIED**.

The Clerk of Court is respectfully directed to close this case.

Signed: January 9, 2013

Richard L. Voorhees
United States District Judge