IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-00150-RLV
(5:99-cr-00070-RLV-3)

| | | |
|---|---|---|
| ALPHONSO RAVON MORRISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on remand from the Fourth Circuit.

## I.    BACKGROUND

On January 18, 2001, Petitioner was convicted by a jury in this District on one count of conspiracy with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1). Based on Petitioner's two prior drug convictions, which were noticed by the Government pursuant to 21 U.S.C. § 851, Petitioner was sentenced to a mandatory term of life imprisonment under 21 U.S.C. § 841(b)(1)(A). (5:99-cr-00070, Doc. No. 105: Judgment).[1] On July 16, 2002, Petitioner's judgment was affirmed on appeal and he did not file a petition for a writ of certiorari. See United States v. Morrison, 39 F. App'x 927 (4th Cir. 2002) (unpublished).

On December 16, 2005, Petitioner filed a pro se § 2255 motion to vacate in which he challenged his criminal judgment. The Court conducted an initial review of the motion and concluded that Petitioner's motion should be dismissed because it was untimely and he had

_____

[1] The convictions noticed by the Government were two counts of possession with intent to sell and deliver cocaine in 1998 for which Petitioner was sentenced to two suspended terms of 6-8 months' imprisonment. (Id., Doc. No. 29: § 851 Notice; Doc. No. 204: Presentence Report ¶ 42).

1

offered no just reason to excuse his untimely filing. See Rule 4(b) of the Rules Governing

Section 2255 Proceedings. (5:05-cv-00285, Doc. No. 2: Order). Petitioner did not appeal,

although he did file a petition for a writ of mandamus with the Fourth Circuit contending that

this Court unduly delayed in ruling on his motion to alter or amend the judgment which

dismissed his § 2255 motion to vacate. This petition was denied. In Re: Alphonso Ravon

Morrison, No. 09-1133 (4th Cir. Nov. 6, 2009). (Id. Doc. No. 8).

On October 1, 2012, Petitioner filed a petition for habeas relief from his judgment

pursuant to 21 U.S.C. § 2241 contending that he is entitled to sentencing relief based on, among

other authority, the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237

(4th Cir. 2011). Petitioner also included alternative claims for relief pursuant to writs of coram

nobis or audita querela under 28 U.S.C. § 1651 (the "All Writs Act").[2] Petitioner argued that his

1998 state drug convictions, which the Government noticed pursuant to 21 U.S.C. § 851, are no

longer valid, predicate convictions that can support his statutory mandatory-minimum sentence

of life imprisonment because he could not have received more than a year in prison on the

convictions. Consequently, Petitioner contended that he was entitled to be resentenced without

the Court's consideration of his prior state drug convictions. (5:12-cv-00150, Doc. No. 1:

Petition for Habeas Corpus). In response to this Court's order, the Government filed an answer

arguing that Petitioner's claim for relief should be denied because it was untimely, and in any

---

[2] In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to
enhance a sentence under federal law, the individual defendant must have been convicted of an offense for which
*that* defendant could be sentenced to a term exceeding one year under North Carolina law. Simmons, 649 F.3d at
243 (emphasis added) (examining North Carolina's Structured Sentencing Act). In reaching this holding, the
Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in
determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North
Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant
with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

event, relief was unwarranted because Petitioner's sentence was within the statutory maximum. (Id., Doc. No. 4: Response in Opposition).

On January 9, 2013, the Court entered an Order denying the § 2241 petition and his alternative claims for relief. In sum, the Court found that § 2241 relief was precluded by the Fourth Circuit's opinion in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000), and his alternative claims for relief were barred by other controlling precedent. Petitioner appealed and the Fourth Circuit granted the parties' joint motion to remand to this Court to consider the Government's new position that Petitioner is entitled to habeas relief under § 2241. See Morrison v. United States, No. 13-6353 (4th Cir. filed Nov. 21, 2013). (Id., Doc. No. 9). On remand, the Government now agrees that Petitioner is entitled to sentencing relief based on Simmons, among other authority. (Id., Doc. No. 13: Government's Response).

## II. DISCUSSION

It is undisputed that Petitioner's 1998 North Carolina drug convictions no longer qualify as a predicate felonies following Simmons. However, a petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d at 333 (internal citations omitted). The Fourth Circuit has concluded, and recently reaffirmed, that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34. See also United States v. Surratt, Jr., 797 F.3d 240 (4th Cir. 2015) (applying Jones and denying § 2241 relief from mandatory life sentence based on now invalid North Carolina felony drug conviction under Simmons).

Here, Petitioner does not challenge the legality of his conviction, rather he contends that he should be entitled to habeas relief from his mandatory minimum sentence under § 2241. The Court finds, however, that based on the foregoing authority, Petitioner is not entitled to habeas relief from his sentence under § 2241.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that the petition for habeas relief under 28 U.S.C. § 2241 is **DENIED**.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: October 21, 2015

Richard L. Voorhees
United States District Judge

4